# United States Court of Appeals for the Federal Circuit

04-1005

MERCK & CO., INC.,

Plaintiff-Appellee,

v.

TEVA PHARMACEUTICALS USA, INC.,

Defendant-Appellant.

John F. Lynch, Howrey Simon Arnold & White, LLP, of Houston, Texas, filed a combined petition for panel rehearing and rehearing en banc for plaintiff-appellee. With him on the petition were Nicolas G. Barzoukas and Richard L. Stanley. Of counsel on the petition were Paul D. Matukaitis, Edward W. Murray and Gerard M. Devlin, Merck & Co., Inc., of Rahway, New Jersey.

James Galbraith, Kenyon & Kenyon, of New York, New York, filed a response to the petition for defendant-appellant. With him on the response were Maria Luisa Palmese and William G. James, II.

William F. Lee, Wilmer Cutler Pickering Hale and Dorr LLP, of Boston, Massachusetts, filed an amicus curiae brief for the Pharmaceutical Research and Manufacturers of America. With him on the brief was John M. Golden. Of counsel on the brief was William G. McElwain, of Washington, DC.

Appealed from:    United States District Court for the District of Delaware

Judge Joseph J. Farnan, Jr.

# United States Court of Appeals for the Federal Circuit

04-1005

MERCK & CO., INC.,

Plaintiff-Appellee,

v.

TEVA PHARMACEUTICALS USA, INC.,

Defendant-Appellant.

ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC

Before MICHEL, <u>Chief Judge</u>, NEWMAN, MAYER, LOURIE, CLEVENGER, RADER, BRYSON, GAJARSA, LINN, DYK, and PROST, <u>Circuit Judges</u>.

## O R D E R

A combined petition for panel rehearing and rehearing en banc was filed by the Appellee, and a response thereto was invited by the court and filed by the Appellant.[1] The petition for rehearing was referred first to the merits panel that heard the appeal. Thereafter, the petition for rehearing en banc, response, and the amicus curiae brief were referred to the circuit judges who are authorized to request a poll whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition for panel rehearing is denied.

(2) The petition for rehearing en banc is denied.

(3) The mandate of the court will issue on April 28, 2005.

---

[1] An amicus curiae brief was filed by the Pharmaceutical Research and Manufacturers of America.

NEWMAN and LOURIE, <u>Circuit Judges</u>, would rehear the appeal en banc.

LOURIE, <u>Circuit Judge</u>, with whom MICHEL, <u>Chief Judge</u>, and NEWMAN, <u>Circuit Judge</u>, join, dissents in a separate opinion.

SCHALL, <u>Circuit Judge</u>, did not participate in the vote.

FOR THE COURT

<u> April 21, 2005 </u>                                             <u> s/ Jan Horbaly </u>
    Date                                                          Jan Horbaly
                                                        Clerk

cc:    John F. Lynch, Esq.
        James Galbraith, Esq.
        William F. Lee, Esq.

# United States Court of Appeals for the Federal Circuit

04-1005

MERCK & CO., INC.,

Plaintiff-Appellee,

v.

TEVA PHARMACEUTICALS USA, INC.,

Defendant-Appellant.

LOURIE, Circuit Judge, with whom MICHEL, Chief Judge, and NEWMAN, Circuit Judge, join, dissenting from order denying rehearing en banc.

I respectfully dissent from the court's declining to hear this case en banc. In my opinion, the panel erroneously concludes that commercial success is not probative because "others were legally barred" from commercially testing certain ideas in the prior art. Moreover, I believe the panel erred in linking commercial success to the failure of others.

Commercial success is a fact question, and, once it is established, as found here by the trial court, the only other question is whether the success is attributable to the claimed invention ("nexus"), rather than to other factors such as market power, advertising, demand for all products of a given type, a rising economy that "lifts all boats," etc. It is not negated by any inability of others to test various formulations because of the existence of another patent. Success is success. The panel's rule is especially unsound in the context of an improvement patent, as here, because it holds

in effect that commercial success for an improvement is irrelevant when a prior patent dominates the basic invention.

Commercial success is also independent of any "failure of others," as that is another, separate secondary consideration.

Respectfully, the full court should have reheard the appeal to eliminate the confusion in the law that the panel opinion creates.